UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO LOPEZ VILLA,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:15-cv-112-EFB (TEMP)<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The parties' cross-motions for summary judgment are pending and have been submitted without oral argument. For the reasons discussed below, plaintiff's motion is granted, defendant's motion is denied, and the matter is remanded for further proceedings.[1]

PROCEDURAL BACKGROUND

On February 6, 2012, plaintiff filed an application DIB, alleging disability beginning on August 2, 2011. Administrative Record ("AR") at 25, 146-47. His application was denied initially, *id.* at 67-71, and upon reconsideration, *id.* at 72-76.

---

[1] Both parties have previously consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c). *See* ECF Nos. 7 & 8.

1

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on April 19, 2013. *Id.* at 38-64. Plaintiff was represented by an attorney and testified at the administrative hearing. *Id.* at 38-39. The ALJ issued a decision issued on May 23, 2013, finding that plaintiff was not disabled. *Id.* at 33. The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2. The claimant has not engaged in Substantial Gainful Activity (SGA) since August 2, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: diabetes mellitus with neuropathy and hypertension (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the Residual Functional Capacity (RFC) to perform a wide range of Sedentary work as defined in 20 CFR 404.1567(a) except the claimant is limited to lifting and carrying 10 pounds occasionally and less than 10 pounds frequently; is limited to frequent bilateral pushing-pulling; cannot do any foot control operations; cannot climb ladders, ropes, and scaffolds; is limited to occasional climbing of ramps and stairs, balancing, stooping, crouching, kneeling, and crawling; is limited to frequent bilateral handling and fingering; and must avoid all exposure to vibrations, hazardous machinery, and unprotected heights.
>
> 6. The claimant is unable to perform any Past Relevant Work (PRW) (20 CFR 404.1565).
>
> 7. The claimant was born on November 9, 1974 and was 36 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. The claimant has a marginal education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not an issue in this case because the claimant's Past Relevant Work (PRW) is unskilled (20 CFR 404.1568).
>
> 10. Considering the claimant's age, education, work experience, and Residual Functional Capacity (RFC), there are jobs that exist in significant numbers in the National Economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from August 2, 2011, through the date of this decision (20 CFR 404.1520(g)).

*Id.* at 27-33.

On November 17, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's May 23, 2013 decision, *id.* at 4-6, leaving the ALJ's decision as the final decision of the Commissioner. Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 14, 2015.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *see also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion, plaintiff asserts the following four principal errors: (1) the ALJ improperly rejected plaintiff's subjective testimony; (2) the ALJ improperly rejected the opinion of plaintiff's treating physician; (3) the Appeals Council improperly rejected the opinion of plaintiff's treating physician; and (4) the ALJ failed to address whether plaintiff's impairments met the severity of a Listing impairment. Pl.'s Mot. for Summ. J., ECF No. 11, at 17.[2]

**I.**  **Subjective Testimony**

Plaintiff argues that the ALJ erred by rejecting his own testimony and the third party statement submitted by plaintiff's wife. *Id.* at 18-22. The U.S. Court of Appeals for the Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of

---

[2] Page number citations are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

> the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony ... simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so....

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Commissioner of Social Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." *Id.*

Here, the ALJ rejected plaintiff's testimony for several reasons. First, the ALJ found that plaintiff's "daily activities" were "not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." AR at 30. In this regard, the ALJ noted that plaintiff "sometimes picks his son up from school . . . . is able to dress and bath (sic) himself, and . . . is able to attend church with his family." *Id.*

/////

1    The Ninth Circuit, however, "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from [his] credibility as to [his] overall disability.'" *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) ("Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity."). In general, the Commissioner does not consider "activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs" to be substantial gainful activities. 20 C.F.R. § 404.1572(c).

The ALJ also rejected plaintiff's testimony by asserting that plaintiff "left his job for non-medical reasons," citing "Exhibit 9F." AR at 30. Although the ALJ's decision does not cite to a specific page, Exhibit 9F page 18 of 21 states that plaintiff was "not working now-laid off." *Id.* at 618. The fact that plaintiff was laid off does not establish that plaintiff left his job for non-medical reasons. Indeed, plaintiff testified that he was "laid off" because his doctor "put a lot of restrictions," on his work after which his "boss didn't want [him] anymore." *Id.* at 46.

The ALJ also rejected plaintiff's testimony because plaintiff was "able to fully participate in the Hearing without being distracted and there was no overt pain demonstrated" by plaintiff. *Id*. at 30. However, "[t]he ALJ's observations of a claimant's functioning may not form the sole basis for discrediting a person's testimony." *Orn*, 495 F.3d at 639; *see also Saunders v. Astrue*, 433 F. Appx 531, 534 (9th Cir. 2011) ("because the ALJ's other reasons for discrediting Saunders were not proper, personal observations of a claimant's function cannot form the sole basis for discrediting his testimony")[3]; *Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985) ("Denial of benefits cannot be based on the ALJ's observation of Perminter, when Perminter's statements to the contrary, as here, are supported by objective evidence.").

/////

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

However, the ALJ also rejected plaintiff's testimony because plaintiff "was noted to have not followed medical advice, which indicates that the claimant's condition could be mitigated." AR at 30. In this regard, plaintiff's medical records reflect his general "noncompliance," *id.* at 616, specifically that he was "very reluctant to taking insulin even though he . . . can see his physical decline," *id.* at 296, did "not follow up with diabetes mellitus," *id.* at 544, and "declined class or nutrition," information, *id.* at 555.

Plaintiff's recorded noncompliance was a permissible basis for the ALJ to reject plaintiff's testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) ("ALJ may consider many factors in weighing a claimant's credibility, including . . . unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment"); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) ("relevant factor may be unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment").

Moreover, because the testimony of plaintiff's wife was similar to plaintiff's testimony, AR at 30, it was also permissible for the ALJ to reject her testimony for this same reason. *See Valentine*, 574 F.3d at 694 ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony.").

Accordingly, plaintiff is not entitled to relief with respect to this claim.

## II. Treating Physician Opinion

Plaintiff argues that the ALJ improperly rejected the opinion of plaintiff's treating physician, Dr. Tawanda Adeshina. Pl.'s Mot. for Summ. J. at 9-10.

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. *Lester*, 81 F.3d at 830; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." *Lester*, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient

1  as an individual. *Smolen*, 80 F.3d at 1285; *Bates v. Sullivan*, 894 F.2d 1059, 1063 (9th Cir.
2  1990). The uncontradicted opinion of a treating or examining physician may be rejected only for
3  clear and convincing reasons, while the opinion of a treating or examining physician that is
4  controverted by another doctor may be rejected only for specific and legitimate reasons supported
5  by substantial evidence in the record. *Lester*, 81 F.3d at 830-31. "The opinion of a nonexamining
6  physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion
7  of either an examining physician or a treating physician." *Id.* at 831. In addition, greater weight
8  should be given to the "'opinion of a specialist about medical issues related to his or her area of
9  specialty.'" *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R.
10 § 404.1527(d)(5)). Finally, although a treating physician's opinion is generally entitled to
11 significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating
12 physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'"
13 *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (quoting *Bray v. Comm'r of Soc. Sec.
14 Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009)).

15 Here, the ALJ's decision noted that Dr. Adeshina's[4] November 30, 2012 opinion stated, in
16 relevant part, that plaintiff was limited to standing-walking one hour and sitting five hours in an
17 eight-hour workday, being able to shift positions at will, taking unscheduled breaks every 30 to
18 45 minutes, lifting and carrying 5 pounds frequently and 10 pounds occasionally, that plaintiff
19 could not work around heights, temperature, and machinery and would miss work more than three
20 times a month. AR at 31. The ALJ "accorded great weight to the lifting-carrying limitations and
21 the environmental limitations," of Dr. Adeshina's opinion but accorded "little weight . . . to the
22 rest of the opinion [.]" *Id.*

23 However, an ALJ may not simply pick and choose from the opinion of a treating
24 physician, using only those portions favorable to a finding of nondisability, without providing
25 specific and legitimate reasons for doing so that are supported by substantial evidence. *See
26 generally Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) (ALJ not entitled to "pick

27

28     [4] The ALJ's decision mistakenly refers to Dr. Adeshina as Dr. Adeshine. *See* AR at 31.

and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability"); *Loza v. Apfel*, 219 F.3d 378, 393-94 (5th Cir. 2000) (ALJ "cannot 'pick and choose' only the evidence that supports his position"); *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (ALJ may reject portion of opinion by providing "specific and legitimate reasons based on substantial evidence in the record"); *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper"); *Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir. 1983) (while the ALJ is not obligated to "reconcile explicitly every conflicting shred of medical testimony," she cannot simply selectively choose evidence in the record that supports her conclusions); *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (An ALJ is not permitted to reach a conclusion "simply by isolating a specific quantum of supporting evidence").

Here, the ALJ's stated reason for affording little weight to much of Dr. Adeshina's opinion was that the opinion was purportedly "not consistent with the claimant's testimony and the medical evidence." AR at 31.  In this regard, the ALJ noted that plaintiff "indicated that he sometimes picks up his son from school . . . . is able to dress and bathe himself, and  . . . is able to attend church with his family." *Id.*  The ALJ also noted that plaintiff had "failed to follow medical advice" and thus had "not controlled his condition properly." *Id.*

Dr. Adeshina's opinion, however, set forth several specific limitations with respect to plaintiff's ability to function.  From reading the ALJ's decision, however, it is entirely unclear why plaintiff's ability to perform certain activities of daily living or the poorly controlled nature of plaintiff's diabetic neuropathy, necessarily discredits Dr. Adeshina's opinion and the specific limitations found therein.  In this regard,

> [t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).  *See also Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary

support for his interpretation of the medical evidence."); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

The ALJ also rejected portions of Dr. Adeshina's opinion by stating that "this doctor had only seen the claimant three times before completing the evaluation form." AR at 31. However, even if Dr. Adeshina were not plaintiff's treating physician and instead were an examining physician who had seen plaintiff on only one occasion, the ALJ would still have had to provide specific and legitimate reasons supported by substantial evidence to reject Dr. Adeshina's opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."). The fact that Dr. Adeshina saw plaintiff on three occasions is not a legitimate reason for rejecting his opinion.

Accordingly, for all of the reasons stated above, the court finds that the ALJ failed to offer specific and legitimate reasons supported by substantial evidence in the record for rejecting the opinion of Dr. Twanda Adeshina. Plaintiff, therefore, is entitled to relief with respect to this claim.

## SCOPE OF REMAND

With error established, the court has the discretion to remand or reverse and award benefits.[5] *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

---

[5] In light of the remand required by the ALJ's error with respect to the treating physician opinion, the nature of that error and the nature of plaintiff's remaining claims, the court need not address plaintiff's remaining claims.

10

*Garrison*, 759 F.3d at 1020.  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  *Id.* at 1021.  *See also Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the ALJ made a legal error, but the record is uncertain and ambiguous. Accordingly, this matter will be remanded for further proceedings.  On remand, the ALJ shall analyze the opinion of Dr. Adeshina and, if any portion of that opinion is not adopted, the ALJ shall provide specific and legitimate reasons supported by substantial evidence in the record.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 14) is denied;

3. The Commissioner's decision is reversed for the reasons indicated above;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: March 22, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE